PETERSON, Judge.
Cleona Scope appeals a final judgment of $10,128.50 entered in her favor and predicated upon her demand for judgment in her action for damages incurred in an automobile accident. She contends that the offer, made pursuant to section 768.79, Florida Statutes (1993), was withdrawn prior to acceptance by Michael A. Fannelli, the defendant.
Section 768.79 provides:
(2) The making of an offer of settlement which is not accepted does not preclude the making of a subsequent offer. An offer must:
(a) Be in writing and .state that it is being made pursuant to this section.
(b) Name the party making it and the party to whom it is being made.
(c) State with particularity the amount offered to settle a claim for punitive damages, if any.
(d) State the total amount.
The offer shall be construed as including all damages which may be awarded in a final judgment.
(3) The offer shall be served upon the party to whom it is made, but it shall not be filed unless it is accepted or unless filing is necessary to enforce the provisions of this section.
(4) An offer shall be accepted by filing a written acceptance with the court within 30 days after service. Upon filing of both the offer and acceptance, the court has full jurisdiction to enforce the settlement agreement.

(5) An offer may be withdrawn in writing which is served before the date a written acceptance is filed. Once withdrawn an offer is void.

(Emphasis added).
Scope made a valid demand for judgment in the amount of $10,128.50 on July 21, 1993 as allowed by the statute. The demand provided inter alia, “This offer shall remain in full force for thirty (30) days, unless withdrawn sooner in writing and prior to acceptance by the Defendant.” In response, Fan-nelli’s attorney informed Scope’s attorney on July 30, 1993 that he was authorized to extend an offer of $3,000 in complete settlement of the matter. On August 4, 1993, Scope’s attorney responded by letter to the counteroffer. He stated in the letter:
This will acknowledge your letter of July 30, 1993 and the $3,000.00 settlement proposal referenced therein. Please be advised that the offer is inadequate and, *143 therefore, unacceptable. As you know from Ms. Scope’s deposition testimony and her affidavit filed in this cause, her economic losses, i.e. wage loss, unpaid medical bills, property damage and loss of use, far exceed the available limits of liability coverage provided by your clients’ insurance policy.
Furthermore, the manner in which Atlanta Casualty has conducted itself in this matter has demonstrated the utmost in bad faith in the handling of this claim. As a result, there is little doubt in my mind but that any verdict returned in excess of your Ghent’s policy limits will be recoverable direct from Atlanta Casualty if not Mr. Fannelli himself.
You may, therefore, consider the $3,000.00 proposal rejected. I would, however, recommend to Ms. Scope she accept in full settlement of this claim the sum of $20,-000.00 plus taxable costs. I realize this is an' increase from our previous stated demand. However, since that proposal was first extended to you additional time has passed during which Ms. Scope was without a vehicle, plus additional attorney’s fees and costs have been incurred. Please discuss this proposal with your client and Atlanta Casualty and advise as to their position with respect thereto.
(Emphasis added). On August 10,1993 Fan-nelli’s attorney increased the offer of settlement to $8,500 and on the very next day served an acceptance of the July 21 demand for judgment. Scope then moved to strike Fannelli’s acceptance. Scope argued that the “purported” acceptance was:
untimely and ineffective as it attempts to revive and accept an offer previously rejected ... and to which counter offers had been made by ... [Fannelli]. Under basic contract law the original demand for judgment was no longer effective or available for acceptance by August 11, 1993.
Contrary to Scope’s assertion that Fannelli’s counteroffer automatically terminated her offer to settle, if an offer is irrevocable by statute for a period of time, the offeree’s counteroffer does not terminate the offeree’s power of acceptance. Corbin on Contracts, § 91, Offer and Acceptance. Under section 768.79, an offer is irrevocable for a period of 30 days unless the offeror in writing serves a notice of withdrawal to the offeree before the offeree’s written acceptance is filed. § 768.79(5). No alternative method of reducing the time for acceptance is provided by the statute. A rule of statutory construction applicable here is “expressio unius est exclusio alterius”, the mention of one thing generally implies the exclusion of another. To judicially insert an additional provision that a written counteroffer terminates the power of acceptance would also violate the rule of construction that one should “not insert words or phrases in a statute which are not in that statute.” Brooks v. Anastasia Mosquito Control Dist., 148 So.2d 64 (Fla. 1st DCA 1963); Devin v. City of Hollywood, 351 So.2d 1022 (Fla. 4th DCA 1976).
Scope argues in the alternative that the trial court erred in not finding that her attorney’s August 4th letter was a valid withdrawal of her offer pursuant to section 768.-79(5). This issue was presented and argued fully before the trial court by the attorneys who conducted the settlement negotiations. The trial court was not convinced by Scope’s argument that the letter was in fact a withdrawal of the statutory offer. This same argument on appeal is likewise unconvincing. There is no doubt that the letter rejected Fannelli’s offer. The language used to convey that message was clear and unequivocal. But if withdrawal of the original offer was intended, language conveying that simple message should have been employed rather than saying that counsel “would recommend” to the client that she accept a higher settlement figure. The language employed allows one to reasonably conclude that Scope had not yet had the opportunity to decide whether the demand should be increased. The letter could also be easily interpreted as a tactic to spur Fannelli into accepting the full amount of the formal demand or risk a withdrawal. If the latter tactic was intended, it was effective, because Fannelli did just that shortly afterwards and before Scope indicated unequivocally in writing the withdrawal of the offer.
*144 The judgment confirming the acceptance is affirmed.
AFFIRMED.
HARRIS, C.J., and COBB, J., concur.