657 So.2d 1193 (1995)
Carlos A. ROMERO, Jr., Appellant,
v.
SHADYWOOD VILLAS HOMEOWNERS ASSOCIATION, INC., Appellee.
No. 95-238.
District Court of Appeal of Florida, Third District.
June 7, 1995.
Rehearing Denied August 16, 1995.
*1194 Post & Romero and Robert G. Post, Coral Gables, for appellant.
David A. Kobrin, Miami, for appellee.
Before SCHWARTZ, C.J., and JORGENSON and LEVY, JJ.
PER CURIAM.
A plaintiff appeals a trial court order dismissing his Amended Complaint for injunctive relief with prejudice. We reverse.
The appellant Carlos A. Romero (hereinafter "Romero") is a homeowner in and member of the Shadywood Villas Homeowners Association. The appellee Shadywood Villas Homeowners Association (hereinafter "Shadywood") is a non-profit corporation organized to do business under Chapter 617 of the Florida Statutes. Romero filed an action for injunctive relief against Shadywood to require it to deliver a financial report to each member of the association pursuant to Florida Statute, Section 617.1605. Shadywood refused to comply with Romero's request, claiming that its financial reporting requirements were not governed by Section 617.1605, but were instead governed by Florida Statutes, Section 617.303(4)(i), a section of the Florida Not For Profit Corporation Act dealing specifically with homeowners' associations. Shadywood, therefore, moved to dismiss Romero's Complaint for failure to state a cause of action. The trial court granted Shadywood's motion and dismissed Romero's Complaint, but gave Romero thirty days to file an amended complaint. Romero filed an Amended Complaint once again seeking injunctive relief under Section 617.1605. Shadywood moved for dismissal of the Amended Complaint, and the trial court granted the motion, dismissing Romero's Amended Complaint with prejudice.[1] Romero appeals the dismissal of his Amended Complaint.
The present appeal centers around the interpretation of two statutory provisions contained within the Florida Not For Profit Corporation Act; Florida Statutes, Section 617.1605 and Section 617.303(4). The issue is whether one or both of these sections control the reporting obligations of homeowners' associations organized to do business under Chapter 617. Romero contends that the trial court erred in dismissing the Amended Complaint because Shadywood, as a non-profit corporation organized to do business under Chapter 617, is subject to the reporting and delivery requirements of both Section 617.1605 and Section 617.303(4). Shadywood, on the other hand, maintains that since it is a homeowners' association, it is only required to comport with the reporting requirements set out in Section 617.303(4)(i). For the reasons which follow, we hold that homeowners' associations must comply with the reporting requirements set out in both Section 617.1605 and Section 617.303(4).
Within the confines of Chapter 617, are Sections 617.301 through 617.306, which specifically and exclusively regulate homeowner associations organized as non-profit corporations under Chapter 617. Within these specific sections is Florida Statute, Section 617.303(4) which delineates the record maintenance *1195 and inspection obligations for homeowners' associations. Section 617.303(4), which was enacted in 1992,[2] provides, in pertinent part, as follows:
(4) The association shall maintain each of the following items, when applicable, which shall constitute the official records of the association:
... .
(i) Accounting records for the homeowners' association and separate accounting records for each parcel, ... The accounting records shall be open to inspection by parcel owners or their authorized representatives at reasonable times. The accounting records shall include, but are not limited to:
... .
1. Accurate, itemized and detailed records of all receipts and expenditures ... 3. All audits, reviews, accounting statements, and financial reports of the homeowners' association.
§ 617.303(4), (4)(i), Fla. Stat. (1993) (emphasis added). One year after the Legislature enacted Section 617.303(4), it enacted Section 617.1605, which specifies that non-profit corporations organized under Chapter 617 must deliver to each of its members a complete financial report within a certain time frame. See Ch. 92-49, § 617.303(4), Laws of Fla.; Ch. 93-281, § 617.1605, Laws of Fla. Section 617.1605 provides, in pertinent part, as follows:
Within 60 days following the end of the fiscal or calendar year or annually on such date as is otherwise provided in the bylaws of the corporation, the board of directors shall mail or furnish by personal delivery to each member a complete financial report of actual receipts and expenditures for the previous 12 months.
§ 617.1605, Fla. Stat. (1993) (emphasis added). At the same time that the Legislature enacted Section 617.1605, it also enacted Florida Statutes, Section 617.2103(1) which, among other things, exempts certain non-profit corporations from complying with the delivery and reporting requirements of Section 617.1605. Specifically, Section 617.2103(1) states that, "No corporation described in s. 501(c) of the Internal Revenue Code of 1986, as amended, shall be subject to the provisions of ... s. 617.1605... unless the articles of incorporation or bylaws provide otherwise." § 617.2103(1), Fla. Stat. (1993) (emphasis added). It is undisputed that homeowners' associations such as Shadywood do not qualify for the exemption provided for by Section 617.2103.
Both Section 617.303(4) and Section 617.1605 deal with obligations concerning disclosure of financial reports. However, each section, creates a different obligation with regard to the maintenance and/or dissemination of the financial report. Section 617.303(4), requires the homeowners' association to maintain its accounting records, including its records of receipts and expenditures and its financial reports, open to inspection by the members of the association. Section 617.1605, on the other hand, requires the board of directors of the non-profit corporation to mail or personally delivery a copy of the financial reports of actual receipts and expenditures to the members of the non-profit corporation. The question then is whether homeowners' associations organized under Chapter 617 are required to comply with the added requirement of delivering financial reports to its members, as required by Section 617.1605, or whether these associations are only required to keep financial reports open for inspection, as required by Section 617.303(4)(i).
Shadywood argues that Sections 617.1605 and 617.303(4) are inconsistent, and that therefore, if we require homeowners' associations to comply with the delivery obligations of Section 617.1605, we are necessarily modifying and/or repealing the reporting obligations as initially set out in Section 617.303(4). We disagree. Although the Legislature enacted Section 617.1605 one year after it enacted Section 617.303(4), it is an elementary principle of statutory construction, that in determining the effect of a laterenacted statute, courts are required to assume that the Legislature passed the later statute with knowledge of the prior-existing *1196 laws. State ex rel. Sch. Bd. v. Department of Educ., 317 So.2d 68, 72-73 (Fla. 1975); Littman v. Commercial Bank & Trust Co., 425 So.2d 636, 638-39 (Fla. 3d DCA 1983); State v. Zimmerman, 370 So.2d 1179 (Fla. 4th DCA 1979). Consequently, "[i]n the absence of a showing to the contrary, it is presumed that all laws are consistent with each other and that the legislature would not effect a repeal of a statute without expressing an intention to do so." Littman, 425 So.2d at 638; see Woodgate Dev. Corp. v. Hamilton Inv. Trust, 351 So.2d 14, 16 (Fla. 1977); State ex rel. Sch. Bd., 317 So.2d at 72-73; Mann v. Goodyear Tire & Rubber Co., 300 So.2d 666 (Fla. 1974). Stated another way, "[i]t is our duty to read the several provisions of [an] Act as consistent with one another rather than in conflict, if there is any reasonable basis for consistency." State v. Putnam County Dev. Auth., 249 So.2d 6, 10 (Fla. 1971) (emphasis added); see also In re T.M., 641 So.2d 410, 412 (Fla. 1994). Therefore, "[w]here possible, it is the duty of the courts to adopt that construction of a statutory provision which harmonizes and reconciles it with other provisions of the same act," Woodgate, 351 So.2d at 16; see also Palm Harbor Special Fire Control Dist. v. Kelly, 516 So.2d 249, 250-51 (Fla. 1987), rather than construing a subsequently-enacted statute as implicitly repealing or nullifying the prior-existing law. Villery v. Florida Parole and Probation Commission, 396 So.2d 1107 (Fla. 1980); Littman; Zimmerman.
Applying these rules of construction to the present case, we find that the requirements of Section 617.303(4) and Section 617.1605 are consistent with, and complimentary to, each other. We therefore conclude that the Legislature intended that homeowners' associations should be bound by the provisions of Section 617.1605 and the provisions of Section 617.303(4). This conclusion is supported by the familiar doctrine of "expressio unius est exclusio alterius", which provides that the express mention of one thing implies the exclusion of another. See Thayer v. State, 335 So.2d 815, 817 (Fla. 1976); Dobbs v. Sea Isle Hot., 56 So.2d 341, 342 (Fla. 1952); Moonlit Waters Apartments, Inc. v. Cauley, 651 So.2d 1269, 1270-71 (Fla. 4th DCA 1995); Scope v. Fannelli, 639 So.2d 141, 143 (Fla. 5th DCA 1994); Barry v. Garcia, 573 So.2d 932, 937 (Fla. 3d DCA), review denied, 583 So.2d 1034 (Fla. 1991). Had the legislature intended to exempt homeowners' associations from the provisions of Section 617.1605, it could easily have stated so in Section 617.2103. Our conclusion is further supported by the fact that the Legislature has enacted an almost identical provision for condominium associations which requires condominium associations to mail or personally deliver copies of financial reports to each of its unit owners. See § 718.111(13), Fla. Stat. (1993).[3] Hence, since Shadywood is a non-profit corporation organized under Chapter 617, and since it is not exempted from the provisions of Section 617.1605 by the language of Section 617.2103, it is subject to the provisions and requirements of Section 617.1605.
We therefore, hold that homeowners' associations are required to comply with the provisions of both Sections 617.303(4) and 617.1605. As such, the trial court erred in dismissing Romero's Amended Complaint.
Accordingly we reverse the trial court's order dismissing Romero's Amended Complaint for injunctive relief and remand to the trial court with instructions to reinstate the Amended Complaint.
Reversed and Remanded with instructions.
NOTES
[1] In its order the trial court noted that Florida Statutes, Section 617.303(4) was controlling in the matter.
[2] See Ch. 92-49, § 617.303(4), Laws of Fla.
[3] This statute provides, in pertinent part, as follows:

Within 60 days following the end of the fiscal or calendar year or annually ... the board of administration of the association shall mail or furnish by personal delivery to each unit owner ... a complete financial report of actual receipts and expenditures for the previous 12 months.
§ 718.111(13), Fla. Stat. (1993).