670 So.2d 95 (1996)
MICHAEL D. JONES, P.A., Appellant,
v.
SEMINOLE COUNTY, etc., Appellee.
No. 95-1038.
District Court of Appeal of Florida, Fifth District.
February 16, 1996.
Rehearing Denied March 26, 1996.
Michael D. Jones, of Leffler & Associates, P.A., Winter Springs, for Appellant.
Kevin J. Carden of Hannah, Marsee & Voght, P.A., Orlando, for Appellee.
*96 W. SHARP, Judge.
Michael Jones, P.A., a law firm owned by Jones, appeals from a final summary judgment, which denied its application for a declaratory judgment holding that Chapter 162, Florida Statutes, violates Article V, section 1 of the Florida Constitution by establishing a "rogue" judicial system.
This proceeding had its origin when Jones rejected the Seminole County tax collector's assertion and notice that he was required to obtain and pay for an occupational license for his law business, located in that county. When he failed to do so, Jones was given notice of a hearing before the Code Enforcement Board, which was continued at his request. Following a second notice and hearing, which Jones did not attend, the Board found Jones in violation. The Board scheduled a hearing to consider imposition of fines. This hearing was not held before Jones filed his lawsuit.
The powers given by the Legislature to code enforcement boards by Chapter 162 do not appear to us as having crossed the line between "quasi-judicial" and "judicial." Such boards may impose fines for code violations but they cannot impose criminal penalties. Although boards can assert a lien against real or personal property,[1] presumably section 162.09 would be interpreted to permit the presentment of defenses prior to enforcement of any lien.[2] Further, the statute provides for the fundamental due process requirements of notice and a hearing, making of a record, and appeal, although such an appeal is not de novo.[3]
We are not unsympathetic to Jones' argument (based on newspaper accounts and Jones' description of hearings before other boards, which Jones cites in this case) that some boards take unbridled and arbitrary actions, and may well deserve Jones' characterization of them as "kangaroo courts." Deprivation of an individual's due process rights, as these accounts indicate may have happened, can be addressed and remedied by a court in a proper case. But this is not that case.
AFFIRMED.
PETERSON, C.J., and GRIFFIN, JJ., concur.
NOTES
[1] § 162.09, Fla.Stat. (1993).
[2] See State ex rel. Pittman v. Stanjeski, 562 So.2d 673 (Fla.1990).
[3] §§ 162.06; 162.07; 162.11, Fla. Stat. (1993).