684 So.2d 870 (1996)
Emil P. VERDI, Jr., Individually and on Behalf of All Others Similarly Situated, Appellant,
v.
METROPOLITAN DADE COUNTY, a Political Subdivision of the State of Florida, Appellee.
No. 95-3416.
District Court of Appeal of Florida, Third District.
December 18, 1996.
*871 Gary B. Goldman, North Miami Beach, for appellant.
Robert A. Ginsberg, Dade County Attorney, and Jay W. Williams, Assistant County Attorney, for appellee.
Before NESBITT, GREEN and SHEVIN, JJ.
GREEN, Judge.
This is an appeal from a final order dismissing an amended class action complaint with prejudice on the grounds that this action is barred by the doctrine of res judicata and an order denying the motion for rehearing on the same. We affirm.

I
Emil P. Verdi, Jr. instituted the action below against Metropolitan Dade County on behalf of himself and purportedly "others" similarly situated who had been civilly fined by the County for violations of the Code of Metropolitan Dade County ("Code"), but who had not been given the opportunity to contest the same in the county court. Specifically, in 1990 Verdi had been charged and served with 51 civil violations of the Code. Pursuant to Chapter 8CC of the Code, he demanded and received an administrative hearing before a hearing officer in February 1991 to contest the charges. Verdi was found guilty as charged and the hearing officer imposed civil fines totalling $25,500.00 plus costs. Verdi did not take an appeal of any of the hearing officer's findings or assessment of the civil penalties to the appellate division of the circuit court as prescribed in Chapter 8CC. Rather, he paid the fines and costs as assessed.
*872 In October 1994 or approximately 3½ years later, Verdi filed the class action below[1] seeking a declaration that jurisdiction to entertain past code violations rested solely with the county court and not administrative hearing officers. Verdi, therefore, sought to have the findings of the hearing officer and the administrative assessment of fines deemed void and unconstitutional. Verdi further sought to recoup all fines and costs paid as a result of the findings made by the hearing officers in all such administrative proceedings. The County filed a general denial to the allegations and raised numerous affirmative defenses, chief among which was that this action was barred by the doctrine of res judicata where no direct appeal was taken of the hearing officer's findings to the appellate division of the circuit court.
Verdi thereafter moved to certify the class. During the hearing on this motion, however, the parties agreed to defer the issue of class certification to allow the trial court to address the initial issue of whether this action was barred by the principal of res judicata. The trial court found the county's use of hearing officers for its code enforcement proceedings to be statutorily authorized by section 162.03(2), Florida Statutes, therefore, the court concluded that the hearing officer's findings and assessment of fines were not void and subject to collateral attack in this proceeding. Thus, the trial court dismissed this action with prejudice on the grounds that it was barred by the doctrine of res judicata.

II
Verdi argues on this appeal that the trial court erred because the legislative intent of Part I of Chapter 162 (or the "Local Government Code Enforcement Boards Act") as evinced in sections 162.02[2] and 162.09(1)[3] was to authorize the creation of administrative proceedings to address only pending or repeat code violations and not past violations. Verdi further maintains that although Part II of Chapter 162 does confer authority upon the County to adopt a code enforcement system to punish past code violations, the county court is vested with exclusive jurisdiction to entertain such matters. Thus, Verdi concludes that the County in utilizing administrative hearing officers for proceedings involving past code violations has impermissibly combined the separate code enforcement provisions under Parts I and II of Chapter 162 into a single unconstitutional system. We disagree and find this argument to be belied by the expressed provisions of Chapter 162 for two reasons.
First of all, contrary to Verdi's argument, we find that the County's authority under Part I of Chapter 162 is not limited solely to compelling pending or repeat violators *873 to comply with the Code. In section 162.06(4), the legislature clearly recognizes that certain code violations may be irreparable or uncorrectable and has thus conferred authority upon the County's enforcement mechanism to address these matters as well. That subsection states:
If the code inspector has reason to believe a violation or the condition causing the violation presents a serious threat to the public health, safety, and welfare or if the violation is irreparable or irreversible in nature, the code inspector shall make a reasonable effort to notify the violator and may immediately notify the enforcement board and request a hearing.
Were we to accept Verdi's construction of Part I of Chapter 162, we would effectively render this section of Part I to be useless and of no effect. This we may not do. We are "compelled by well-established norms of statutory construction to choose that interpretation of statutes and rules which renders their provisions meaningful." Johnson v. Feder, 485 So.2d 409, 411 (Fla.1986); see also, e.g., Wilensky v. Fields, 267 So.2d 1 (Fla.1972). Under Johnson, we simply may not presume that section 162.06(4) employs useless language. Accordingly, we must find that the legislature did not intend to limit the county's administrative enforcement proceedings under Part I solely to compelling pending or repeat violators to comply. Second and more importantly, section 162.03(2) of Part I clearly and explicitly confers authority upon the County to adopt, by ordinance, a completely alternative code enforcement system to permit either a code enforcement board or an administrative hearing officer to conduct hearings and assess fines for code violations:
A charter county, a noncharter county, or a municipality may, by ordinance, adopt an alternate code enforcement system which gives code enforcement boards or special masters designated by the local governing body, or both, the authority to hold hearings and assess fines against violators of the respective county or municipal codes and ordinances.
The trial court correctly determined that in this section, the legislature did not limit the County's alternative system to the exact procedures set forth in Parts I or II of Chapter 162. Nor did the legislature preclude the County from combining any features of these parts. In the absence of any such limitations, we conclude as did the trial court that the County was authorized to enact Chapter 8CC of the Code of Metropolitan Dade County to provide administrative hearings before hearing officers for contested code violations. E.g., Hassen v. State Farm Mut. Auto. Ins. Co., 674 So.2d 106, 109 (Fla.1996) ("We agree... that if the legislature had intended the amendment ... to be applied retroactively, it would have so stated...."); In re McCollam, 612 So.2d 572, 574 (Fla.1993) ("[H]ad the legislature intended to limit the exemption to particular annuity contracts, it would have included such restrictive language...."); see also Romero v. Shadywood Villas Homeowners Ass'n, Inc., 657 So.2d 1193, 1196 (Fla. 3d DCA 1995) ("Had the legislature intended to exempt homeowners' associations from ... Section 617.1605, it could easily have stated so...."); Skipper v. Skipper, 654 So.2d 1181, 1183 (Fla. 3d DCA 1995) ("If the legislature had intended such a limitation [on overtime wages to be included as income for purposes of child support computation] it would have so stated.").

III
Verdi argues in the alternative that the hearing officer's findings and imposition of fines and costs against him are void and violative of the separation of powers provision contained in Article II, Section 3 of the Florida Constitution.[4] According to Verdi, the role of the hearing officer in the civil code enforcement proceedings is fundamentally judicial in nature. Therefore, reasons Verdi, the County's utilization of such administrative officers in fundamentally judicial proceedings is constitutionally prohibited by Article II, Section 3. We disagree because we *874 conclude that code enforcement proceedings are quasi-judicial rather than judicial in nature and that the County's use of hearing officers in these proceedings is constitutionally authorized.
Article II, Section 3 of the Florida Constitution prohibits one branch of the government from exercising any powers appertaining to either of the other two branches unless expressly provided in the constitution. Article V, Section 1 provides that "[c]ommissions established by law, or administrative officers or bodies may be granted quasi-judicial power in matters connected with the functions of their offices." Under this provision then, the County as a legislative body would have clear authority to utilize hearing officers to enforce its codes as long as such enforcement proceedings are only quasi-judicial in nature. Broward County v. La Rosa, 505 So.2d 422, 423 (Fla.1987) ("[A]lthough the legislature has the power to create administrative agencies with quasi-judicial powers, the legislature cannot authorize these agencies to exercise powers that are fundamentally judicial in nature."). In La Rosa, the supreme court acknowledged the difficulty of drawing a distinction between those proceedings which are judicial in nature from those which are quasi-judicial but offered the following insight into the nature of a quasi-judicial proceeding:
An administrative agency conducts a quasi-judicial proceeding in order to investigate and ascertain the existence of facts, hold hearings, and draw conclusions from those hearings as a basis for their official actions.
505 So.2d at 423.
Under the County's code enforcement proceedings, code inspectors have been given the authority to conduct investigations for the purposes of determining whether there has been a violation of the Code and to initiate enforcement proceedings before a hearing officer, if necessary. See section 8CC-3. If an enforcement proceeding is initiated either by a code inspector or the alleged violator who has been cited by the code inspector, the hearing officer is charged with the duty of conducting a hearing and to make findings of fact based upon a preponderance of the evidence of record. Section 8CC-6(k). The hearing officer's factfinding determination is limited to whether the alleged violation did occur and whether the named violator can be held responsible for the violation. Section 8CC-6(m). Based upon these factual determinations, the hearing officer must either affirm or reverse the decision of the code inspector. Id. If a violation is found to have occurred, only civil penalties in the form of predetermined fines and costs may be imposed against the perpetrator. Section 8CC-10. Finally, the violator has been granted a right to appeal the hearing officer's final order to the appellate division of the Dade County Circuit Court. Section 8CC-8.
Given the nature of these proceedings, we can only conclude that they fall squarely within the parameters of a constitutionally authorized quasi-judicial proceeding. Michael D. Jones, P.A. v. Seminole County, 670 So.2d 95 (Fla. 5th DCA 1996); Transgulf Pipeline Co./Dep't of Community Affairs v. Bd. of County Comm'rs., 438 So.2d 876, 880 (Fla. 1st DCA 1983) ("[T]he use of a hearing officer to conduct a hearing and make recommended findings of fact and conclusions of law [does not] constitute a pure judicial function"), rev. denied, 449 So.2d 264 (Fla.1984); but cf. La Rosa 505 So.2d at 423-24 (a county ordinance empowering an administrative agency to award actual damages, including compensation for humiliation and embarrassment, to victims of race discrimination violated, inter alia, the separation of powers provision of Article II, Section 3).

IV
In summation, having determined that the county was duly authorized by Chapter 162 of the Florida Statutes to enact the code enforcement proceedings outlined in section 8CC of the Code of Metropolitan Dade County and that the code enforcement proceedings as enacted are not violative of the separation of powers provision of Florida's Constitution, it follows that the hearing officer's findings and imposition of fines and costs against Verdi are not void. Consequently, Verdi's failure to timely appeal those findings and/or assessment of fines and costs to the circuit court appellate division precludes *875 him from collaterally attacking the findings in the action below. Stewart v. Berger, 109 So.2d 765, 766 (Fla.1959); see also Key Haven Associated Enters. v. Board of Trustees, 427 So.2d 153, 157-58 (Fla.1982) (limiting litigants, who wish to contest the validity of executive branch agency action, to administrative remedies and direct appeal), superseded on other grounds as noted in Bowen v. Florida Dep't of Envtl. Regulation, 448 So.2d 566, 568-69 (Fla. 2d DCA 1984), approved and adopted, 472 So.2d 460 (Fla. 1985).
Affirmed.
NOTES
[1] Although the complaint was subsequently amended, the relief sought was essentially the same.
[2] Section 162.02 reads:

It is the intent of this part to promote, protect, and improve the health, safety and welfare of the citizens of the counties and municipalities of this state by authorizing the creation of administrative boards with authority to impose administrative fines and other noncriminal penalties to provide an equitable, expeditious, effective, and inexpensive method of enforcing any codes and ordinances in force in counties and municipalities, where a pending or repeated violation continues to exist.
[3] Section 162.09(1) provides:

An enforcement board, upon notification by the code inspector that an order of the enforcement board has not been complied with by the set time or, upon finding that a repeat violation has been committed, may order the violator to pay a fine in an amount specified in this section for each day the violation continues past the date set by the enforcement board for compliance or, in the case of a repeat violation, for each day the repeat violation continues, beginning with the date the repeat violation is found to have occurred by the code inspector. In addition, if the violation is a violation described in s. 162.06(4), the enforcement board shall notify the local governing body, which may make all reasonable repairs which are required to bring the property into compliance and charge the violator with the reasonable cost of the repairs along with the fine imposed pursuant to this section. If a finding of a violation or a repeat violation has been made as provided in this part, a hearing shall not be necessary for issuance of the order imposing the fine. If, after due notice and hearing, a code enforcement board finds a violation to be irreparable or irreversible in nature, it may order the violator to pay a fine as specified in paragraph (2)(a).
[4] That section reads:

The powers of the state government shall be divided into legislative, executive and judicial branches. No person belonging to one branch shall exercise any powers appertaining to either of the other branches unless expressly provided herein.