LEVY, Judge.
Miami-Dade County (“the County”) seeks review of a ruling from the Circuit Court, Appellate Division, reversing findings made, and the penalty imposed, by a Hearing Officer at a code enforcement appeals hearing involving the issuance of a violation notice on Roger Allen Brown, the property owner (“property owner”). We find that the Circuit Court, sitting in its appellate capacity, departed from the essential requirements of the law when, erroneously believing that the County’s procedure conflicted with Sections 162.06 and 162.09, Florida Statutes, it reversed the Hearing Officer’s findings and conclusions.
The County issued a Civil Violation Notice to property owner on June 26, 2000 for the existence of a violative condition on the property. A First Notice was sent to the property owner setting forth the property owner’s rights and responsibilities for rectifying the violation. Specifically, the Notice required the property owner to either pay a $260.00 fine ($250.00 penalty and $10.00 surcharge) and correct the violation by August 2, 2000 or to request an administrative hearing if the property owner wished to appeal the civil violation.' The property owner chose the latter and sought an administrative hearing. At the hearing, the property owner admitted to the violation, but defended on the ground that he never received any prior warning and that the violation was remedied. The Hearing Officer found that the citation was proper and ordered the property owner to pay the $260.00 fine. The property owner *519 appealed to the appellate division of the circuit court.
On appeal, the appellate division reversed the Hearing Officer, finding that the Board acted outside the scope of its authority by failing to provide for a warning or opportunity to cure period prior to the issuance of the citation. The Court further found that the hearing officer abused his authority by imposing a fine after the violative condition had been cured. The Circuit Court was persuaded by its reading of sections 162.06 and 162.09 which appear to require notice and a time-to-cure period. However, Chapter 162, Florida Statutes, which grants counties and municipalities the authority to create administrative boards to impose penalties where a violation of its code and ordinance exists, Florida Statutes § 162.02, confers on local government the authority to either adopt Chapter 162, or completely abolish Chapter 162 and adopt an alternative code enforcement system.
(1) Each County or Municipality may at its option, create or abolish by ordinance local government code enforcement boards as provided herein.
(2)[A County] may, by ordinance, adopt an alternate code enforcement system which gives code enforcement boards or special masters designated by the local governing body, or both, the authority to hold hearings and assess fines against violators of the respective county or municipal codes and ordinances.
§ 162.03, Florida Statutes.
Dade County adopted an alternative system of enforcement, Chapter 8CC, and specifically exempted itself from the provisions of Chapter 162, Florida Statutes. See § 2-319, Miami-Dade County Code. This Court previously upheld the constitutionality of Chapter 8CC in Verdi v. Metropolitan Dade County, 684 So.2d 870 (Fla. 3d DCA 1996)(recognizing that the County was authorized to adopt an alternate method of enforcement of its ordinance than that created by Chapter 162).
The property owner raises an issue regarding the County’s ability to impose a fine without notice or an opportunity to cure the defect. However, Chapter 8CC does not require notice of the violation, nor an opportunity to cure the violation prior to the imposition of the fine. In the instant case, the property owner was cited for “allowing a violative condition to exist” in violation of Section 19-6 of the County Code which carries a $250.00 civil penalty. See § 8CC-10, Miami Dade County Code. Section 19-6 provides that the violative condition must be processed in accordance with section 19-5(D) which provides:
(1) If an owner fails to comply with any portion of this chapter he shall be cited pursuant to Chapter 8CC of th[e] Code and shall be given fourteen (14) calendar days from receipt or posting of the citation to correct the violation, or the owner has seven (7) calendar days from receipt or posting of the citation to file for an appeal before an 8CC Hearing Officer. Payment of the civil penalty is required within the time frame listed on the citation where an appeal has not been filed.
* * * *
(3)If the owner is found guilty by the Hearing Officer, the owner shall pay the fine in the amount pursuant to Chapter 8CC 10 and will be required to correct the violative condition within fourteen (14) days of the hearing.
§ 19-5, Miami-Dade County Code.
Chapter 8CC sets forth the procedure the County must follow in enforcing civil violations. Specifically, if a Code Inspector finds a violation of the Code, the In *520 spector must determine a reasonable time period within which the violator must correct the violation, and issue a civil violation notice which includes, among other things, instructions, due date for paying the fine .or filing for administrative hearing, and the time within which the violation must be corrected. See §§ 8CC-S(d)(e)(f), Miami-Dade County Code. The Code does not require the County to give a grace period for curing the violation and, a complete reading of Chapter 8CC makes it clear that the Code permits imposition of the fine without prior notice and/or an opportunity to first cure the violation. See e.g. § 8CC, Miami-Dade County Code; see also Op. Att’y Gen. Fla. 01-77 (2001)(suggesting that a city, which does not adopt Chapter 162, may enforce its codes by means other than those set forth in Chapter 162, including imposing a fine when the code enforcement officer’s initial notice of violation is issued.).
Finding that the County is specifically authorized by Chapter 162 to create its own system and procedure for enforcement of its Ordinance, see § 162.03(2), Florida Statutes, and that the County’s alternate system of enforcement is not preempted, expressly or impliedly, by Chapter 162, see Opinion of the Attorney General of Florida, 01-771 (2001), we grant the County’s Petition for Writ of Certiora-ri and quash the Order of the circuit court reversing the Hearing Officer’s findings and conclusions.
Certiorari granted; Order quashed.