Ms. Susan H. Churuti Pinellas County Attorney 315 Court Street Clearwater, Florida 33756
Dear Ms. Churuti:
On behalf of the Pinellas County License Board for Children's Centers and Family Day Care Homes, you ask substantially the following question:
What is the nature of an order from a hearing officer appointed pursuant to section 402.310(3), Florida Statutes?
You state that the Pinellas County License Board for Children's Centers and Family Day Care Homes is a local licensing agency subject to the provisions of Chapter 402, Florida Statutes,[1] which generally governs the provision of health and human services. Sections 402.301 —402.319, Florida Statutes, operate
"to establish statewide minimum standards for the care and protection of children in child care facilities, to ensure maintenance of these standards, and to approve county administration and enforcement to regulate conditions in such facilities through a program of licensing."[2]
The Department of Children and Families (DCF) and local licensing agencies are authorized to "deny, suspend, or revoke a license or impose an administrative fine not to exceed $100 per violation, per day, for the violation of any provision of ss. 402.301 — 402.319 or rules adopted thereunder."[3] In determining the appropriate disciplinary action to take for a violation, DCF or the local licensing agency must consider: the severity of the violation, including the probability that death or serious harm will result or has resulted; the severity of actual or potential harm; and the extent to which the statutory provisions have been violated, as well as actions taken by the licensee to correct violations or remedy complaints.[4]
Section 402.310, Florida Statutes, provides a mechanism for disciplinary actions against applicants or licensees for child care facilities subject to Chapter 402, including providing for hearings when DCF or a local licensing agency seeks to deny, suspend or revoke a license. In cases where DCF is initiating such an action, it "shall determine the matter in accordance with procedures prescribed in chapter 120."[5] When a local licensing agency has reasonable cause to believe that grounds exist for denial, suspension, or revocation of a license or imposition of an administrative fine, the statute requires written notification to the applicant or licensee, stating the grounds upon which such action is being taken.[6] An applicant or licensee is given fifteen days from receiving such notice to make a written request for a hearing. If no request for a hearing is made, then the license is deemed to be denied, suspended, or revoked or an administrative fine shall be imposed. If a request for a hearing is made to a local licensing agency, "a hearing shall be held within 30 days and shall be conducted by an individual designated by the county commission."[7] Section 402.310(4), Florida Statutes, recognizes the right of an affected applicant or licensee "to appeal a decision ofthe local licensing agency to a representative of the [DCF]." (e.s.)
The plain language of the statute sets forth a means to provide a hearing to those affected by the official actions of DCF or a local licensing agency. In cases where a local licensing agency is responsible for the licensure of child care facilities, the county commission is responsible for designating an individual to conduct the hearing. While Chapter 402, Florida Statutes, does not prescribe the duties of such a hearing officer, it is instructive that the same section directs that a hearing held when DCF exercises oversight of the licensing in a county shall be in accordance with Chapter 120. Section 120.57(1)(k), Florida Statutes, states:
"The presiding officer shall complete and submit to the agency and all parties a recommended order consisting of findings of fact, conclusions of law, and recommended disposition or penalty, if applicable, and any other information required by law to be contained in the final order. . . ." (e.s.)
Thus, the order of a hearing officer acting on behalf of DCF is recognized as a recommended order. Generally, the order of the presiding officer at a formal adjudicatory hearing is merely a "recommended" order, and can only be finally disposed of by the agency involved.[8]
When presented with a recommended order, the agency may adopt it as the agency's final order. An agency may reject or modify conclusions of law over which it has substantive jurisdiction under specified conditions. Findings of fact, however, may not be rejected or modified unless the agency first determines from a review of the entire record and states with particularity in its final order that the findings of fact were not based on competent substantial evidence or that the proceedings on which the findings of fact were based did not comply with essential requirements of law. A recommended penalty may be accepted, but may not be reduced or increased without a review of the complete record and without particularly stated reasons supported by the record.[9]
The courts of this state have found that administrative hearings, such as ones for county code violations, are quasi-judicial in nature such that:
"An administrative agency conducts a quasi-judicial proceeding in order to investigate and ascertain the existence of facts, hold hearings, and draw conclusions from those hearings as a basis for their official actions."[10]
Section 402.310, Florida Statutes, does not characterize an order of an individual holding a hearing for a local licensing agency as a recommended order, but it does recognize, as noted above, that the local licensing agency makes the decision regarding the licensing of a child care facility.[11] It would appear, therefore, that a hearing officer's place in the statutorily prescribed procedures for taking action against a child care facility licensee or applicant for such a license is one of taking evidence, making findings of fact and conclusions of law, and rendering an order that recommends a determination to the local licensing agency. The local licensing agency, upon reviewing the recommended order, may then accept or reject the conclusions under the constraints of a formal administrative process and take final agency action.
Accordingly, it is my opinion that the order rendered by an individual designated as a hearing officer acting on behalf of a local licensing agency in a child care facility licensing proceeding is a recommended order subject to final agency action by the local licensing agency.
Sincerely,
Charlie Crist Attorney General
CC/tls
[1] Section 402.302(10), Fla. Stat., defines "[l]ocal licensing agency" as "any agency or individual designated by the county to license child care facilities." Section 402.306(1)(a)-(b), Florida Statutes, allows any county whose licensing standards meet or exceed state minimum standards to designate a local licensing agency to license child care facilities in the county or contract with DCF to delegate the administration of state minimum standards in the county to the department.
[2] Section 402.301(1), Fla. Stat.
[3] Section 402.310(1)(a), Fla. Stat.
[4] Section 402.310(1)(b)1.-2., Fla. Stat.
[5] Section 402.310(2), Fla. Stat.
[6] Id.
[7] Section 402.310(3), Fla. Stat.
[8] See, University Community Hosp. v. Tampa Heart Institute,445 So.2d 410 (Fla. 2nd DCA 1984) and s. 120.52(14), Fla. Stat., defining "[r]ecommended order" as "the official recommendation of an administrative law judge assigned by the division or of any other duly authorized presiding officer, other than an agency head or member of an agency head, for the final disposition of a proceeding under ss. 120.569
and 120.57."
[9] Section 120.57(1)(l), Fla. Stat.
[10] Broward County v. La Rosa, 505 So.2d 422, 423 (Fla. 1987). Seealso, Verdi v. Metropolitan Dade County, 684 So.2d 870, 874 (Fla. 3rd DCA 1996).
[11] See, s. 402.310(4), Fla. Stat.