PER CURIAM.
In this petition for a writ of certiorari, we are asked to decide whether the decision of the appellate division of the circuit court that the City of Miami (hereinafter, the City) may not prosecute violators of the City’s fire code in county court constitutes a departure from the essential requirements of the law.[1] We find that it does and grant the writ based upon the following analysis.
The Municipal Code Enforcement Boards Act[2] was promulgated to authorize each Florida municipality to create a code enforcement board as a method for enforcing “the various occupational license, fire, building, zoning, sign, and related technical codes in force.” § 166.052, Fla.Stat. (Supp. 1980). Accordingly, the City created, by ordinance, a municipal code enforcement board. The City did not, however, purport to bring fire code violations within the ambit of its board.
In 1986, the City (with the approval of the State Attorney’s Office) caused the prosecutions of respondents Jack and Carolyn Weiss in Dade County Court, for alleged violations of the City’s fire code. The two cases, State of Florida v. Jack Weiss and State of Florida v. Carolyn Weiss, were assigned to petitioner, the Honorable Robert M. Deehl, Judge of the Dade County Court. The Weisses moved to dismiss each complaint, alleging the county court lacked jurisdiction over the subject matter. They argued that because the City created a code enforcement board pursuant to statutory authority, jurisdiction over cases involving violations of any of the technical codes enumerated in the enabling statute is vested exclusively in the board, and the City is therefore foreclosed from causing the prosecution of fire code violators in county court. Judge Deehl denied the Weisses’ motions to dismiss. The Weisses then filed a suggestion for a writ of prohibition in the appellate division of the circuit court (hereinafter, circuit court). Again, the Weisses asserted that the City may not prosecute alleged fire code violations in county court, and that the exclusive forum for such violations is the City’s code enforcement board. Upon receipt of a response from the State Attorney’s' Office and following oral argument, the circuit court entered an order granting the writ of prohibition, commanding Judge Deehl to refrain from any further proceedings in the Weisses’ prosecutions then pending before him. This petition ensued.
In its order granting the writ of prohibition, the circuit court reasoned that at the time the Municipal Code Enforcement Boards Act was enacted, the legislature did not intend for a municipality to be able to “arbitrarily choose” to prosecute certain code violations in county court while bringing other violations before its enforcement board. In reaching the above conclusion, the circuit court relied upon 1981 Op.Att’y Gen.Fla. 081-25 (April 10, 1981),[3] as well as the failure of the statute itself “to provide any authority to a municipality to select *531 from among the technical codes enumerated in [the Act].”
Petitioner has consistently taken the position that the legislative intent became apparent in 1983, when the Municipal Code Enforcement Boards Act was amended and renumbered.[4] Section 162.13, which was then added, provides:
Provisions of act supplemental. — It is the legislative intent of ss. 162.01-162.12 to provide an additional or supplemental means of obtaining compliance with local codes. Nothing contained in ss. 162.01-162.12 shall prohibit a local governing body from enforcing its codes by any other means.
The circuit court rejected petitioner’s argument. The court indicated that because the amended statute is not retroactive, and because the City did not re-create its code enforcement board subsequent to the adoption of the amended statute, the City is not entitled to benefit from the statute which was “not in existence at the time that the existing [municipal code enforcement board] was created.”
This court, however, finds merit in petitioner’s contention that the Legislature never intended for a code enforcement board, once created, to have exclusive jurisdiction of all the code violations listed in the enabling statute. Significantly, the Legislature added section 162.13 to the statute, which otherwise remained essentially unchanged, after the issuance of the Attorney General’s opinion concerning this point. Therefore, there is no basis for the circuit court’s determination on appeal that the City of Miami, by virtue of having created a board to hear some of its technical code violations, is presently deprived of access to the Dade County Court for enforcement of technical code violations it chooses not to bring before its municipal board.
Accordingly, we grant the writ of certio-rari, quash the Order Granting Writ of Prohibition under review, and remand this cause to Dade County Court for further proceedings.

. The order under review was an order of the circuit court acting in its appellate capacity. We have jurisdiction pursuant to Florida Rule of Appellate Procedure 9.030(b)(2)(B).

. §§ 166.051-.062, Fla.Stat. (Supp.1980).

.The Attorney General addressed the precise issue which is now before this court and concluded that once a municipality has created a code enforcement board under the enabling statute, it does not retain the option of prosecuting, in county court, violators of any of the codes enumerated in the same statute.

. §§ 162.01-.13, Fla.Stat. (1983).