616 So.2d 554 (1993)
CITY OF TAMPA, a Municipal Corporation, FOR the USE AND BENEFIT OF the CITY OF TAMPA CODE ENFORCEMENT BOARD, Appellant,
v.
Ernest BRAXTON and Gail A. Braxton, if living, including any unknown spouse of said Defendant(s), if remarriage has occurred or, if said Defendant(s) are deceased, their respective unknown heirs, devisees, grantees, assignees, creditors, lienors and trustees, and all other persons claiming by, through, under or against the named Defendant(s), Appellees.
No. 92-00873.
District Court of Appeal of Florida, Second District.
March 31, 1993.
Clark Jordan-Holmes, Stewart, Joyner, Jordan-Holmes, Holmes, P.A., Tampa, for appellant.
George P. Kickliter, Tampa, for appellees.
Angela B. Wright, Asst. County Atty., Tampa, for amicus curiae Hillsborough County.
THREADGILL, Acting Chief Judge.
The City of Tampa appeals a final order dismissing its action at law for a money judgment against Ernest and Gail Braxton. We affirm.
On April 19, 1988, the Braxtons' real property was inspected and found in violation of section 48-8 of the City of Tampa Code. The Tampa Code Enforcement Board (C.E.B.), established in accordance with Chapter 162, Florida Statutes, held a hearing, received evidence concerning the condition of the Braxtons' property, and issued an order requiring the Braxtons to correct the violations on or before April 6, 1989, or pay a fine of $40.00 per day for each day the violations continued. The order *555 authorized the City to file a lien against the Braxtons' real and personal property if the violations continued and to foreclose the lien after six months from the filing of the lien. The order did not authorize any other type of action to be taken by the City.
The code violations were not corrected, and the lien was recorded on May 23, 1989. On March 13, 1990, the City brought this action to foreclose the lien and for a personal money judgment totaling $27,272.50, including interest.
The first count of the complaint to foreclose the lien was voluntarily dismissed by the City upon learning that the Braxtons' property was homestead. The trial court subsequently entered the order now on appeal dismissing the count for money damages for lack of jurisdiction. The order stated:
this court finds that it has no jurisdiction or power to grant a personal judgment pursuant to Count II of the Plaintiff's Complaint. Chapter 162 of the Florida Statutes does not create an independent cause of action against said defendants to collect a fine pursuant to said Chapter. Said cause of action did not exist at common law.
On appeal the City contends that the legislature intended to confer the right to maintain an action at law to collect the fine when it enacted section 162.09(3), Florida Statutes (1987), as amended October 1, 1989.[1] The City also argues for liberal construction on the ground that the statute was enacted for the public benefit. We reject these arguments.
First, we are not persuaded that the legislature intended to confer upon code enforcement boards the right to collect a fine by an action at law. The City contends that the following language in the 1989 amendment to section 162.09(3) authorizes a suit at law to collect a fine: "[a] fine imposed pursuant to this part shall continue to accrue until the violator comes into compliance or until judgment is rendered in a suit to foreclose on a lien filed pursuant to this section, whichever occurs first." We conclude that this language merely authorizes an equitable action to enforce a lien and not a separate action at law to collect a money judgment for failing to pay a fine.
Second, the City's argument that the statute should be liberally construed as having been enacted for the public benefit is offset by the Braxtons' argument that the statute is punitive. See 1 Fla.Jur.2d Actions § 27 (1977) (where a particular remedy is conferred by statute, it can be invoked only to the extent and in the manner prescribed, and must ordinarily be pursued to the exclusion of any other remedy); Trotter v. State, 576 So.2d 691, at 694 (Fla. 1990) ("[p]enal statutes must be strictly construed in favor of the one against whom a penalty is to be imposed"). Further, statutes in derogation of common law are to be strictly construed. Kraemer v. General Motors Acceptance Corp., 613 So.2d 483 (Fla. 2d DCA 1992).
A municipality may exercise any governmental power for a municipal purpose except when expressly prohibited by law, and a municipality may legislate on any subject matter on which the legislature may act, except those subjects described under paragraphs (a) through (d) of section *556 166.021(3), Florida Statutes (1989).[2]City of Boca Raton v. State, 595 So.2d 25 (Fla. 1992). Although not expressly preempted by the legislature, chapter 162 of the Florida Statutes authorizes municipalities to create or abolish by ordinance local government code enforcement boards. Section 162.03(1), Fla. Stat. We find persuasive the Florida Attorney General's Opinion 92-73 (October 15, 1992), which states that municipalities derive no home rule power from article VIII, section 2(b), of the state constitution to impose any duties or requirements on their code enforcement boards or otherwise regulate the statutorily required enforcement procedures. The Attorney General bases this opinion on article I, section 18, of the state constitution which provides: "No administrative agency shall impose a sentence of imprisonment, nor shall it impose any other penalty except as provided by law." See 1986 Op.Att'y Gen.Fla. 87-14 (January 29, 1986).
The gist of the City's appeal is that it is entitled to a different remedy than is provided by statute. We conclude that once the City opted for a code enforcement board under chapter 162, it was prohibited by article 1, section 18 of the state constitution to enforce its ordinance by any other manner except that described in chapter 162. We therefore affirm the trial court's order dismissing the City's action for a money judgment.
We have considered the City's other points on appeal and find them to be without merit.
Affirmed.
PATTERSON, J., and RONDOLINO, ANTHONY, Associate Judge, concur.
NOTES
[1] Section 162.09(3), Florida Statutes (1989): A certified copy of an order imposing a fine may be recorded in the public records and thereafter shall constitute a lien against the land on which the violation exists and upon any other real or personal property owned by the violator. Upon petition to the circuit court, such order may be enforced in the same manner as a court judgment by the sheriffs of this state, including levy against the personal property, but such order shall not be deemed to be a court judgment except for enforcement purposes. A fine imposed pursuant to this part shall continue to accrue until the violator comes into compliance or until judgment is rendered in a suit to foreclose on a lien filed pursuant to this section, whichever occurs first. After 3 months from the filing of any such lien which remains unpaid, the enforcement board may authorize the local governing body attorney to foreclose on the lien. No lien created pursuant to the provisions of this chapter may be foreclosed on real property which is a homestead under s. 4, Art. X of the State Constitution.
[2] Section 166.021(3): (a) The subjects of annexation, merger, and exercise of extraterritorial power, which require general or special law pursuant to s. 2(c), Art. VIII of the State Constitution; (b) Any subject expressly prohibited by the constitution; (c) Any subject expressly preempted to state or county government by the constitution or by general law; and (d) Any subject preempted to a county pursuant to a county charter adopted under the authority of ss. 1(g), 3, and 6(e), Art. VIII of the State Constitution.