708 So.2d 1008 (1998)
METROPOLITAN DADE COUNTY, a political subdivision of the State of Florida, Petitioner,
v.
Nilo A. HERNANDEZ, Respondent.
No. 96-3524.
District Court of Appeal of Florida, Third District.
April 1, 1998.
Rehearing Denied May 6, 1998.
*1009 Robert A. Ginsburg, Dade County Attorney, and Thomas A. Tucker Ronzetti and Walter J. Harvey, Assistant County Attorneys, for petitioner.
Nilo A. Hernandez, in proper person.
Before NESBITT, LEVY and SORONDO, JJ.
NESBITT, Judge.
This case is before us on a petition for certiorari from Metropolitan Dade County (n/k/a Miami Dade County) (County) to review a decision rendered by the appellate division of the circuit court, which reversed a hearing officer's decision regarding a county animal control violation. The County contends, and we agree, that the appellate division was without jurisdiction to review the hearing officer's decision. Therefore, we vacate the appellate division's decision and remand this case to the proper venue, the Dade County Court, for a trial on the merits.
In 1994, the County issued a citation to Nilo A. Hernandez for failure to vaccinate his dog against rabies that year, a violation of section 5-7 of the Dade County Code. Although contested by Hernandez, the citation was upheld by a County Code Enforcement Hearing Officer in June 1995. Evidence at the hearing established that Hernandez's dog was last vaccinated on August 21, 1993, and not thereafter. Hernandez testified that the reason why his dog had not been vaccinated was that his dog had been euthanized; however, Hernandez refused to provide a veterinary certificate to that effect. Hernandez asserted that he should not have to prove that the dog was dead, but that the County should have to prove that the dog was still alive.[1] The hearing officer found Hernandez guilty of the code violation and fined him $50, plus $50 administrative costs.
Hernandez appealed the hearing officer's decision to the appellate division of the circuit court. The appellate division heard the appeal, rejecting the County's argument that the appeal was properly for the county court's consideration, not that of the appellate division of the circuit court. The appellate division reversed the hearing officer's decision and dismissed Hernandez's citation. *1010 By the time of the appeal, Hernandez had provided the veterinary certificate indicating that his dog had been euthanized in May 1994.[2]
The Dade County Code establishes a procedure for appeals of animal control citations that is separate from the procedure for appeals of other county code citations. Citations issued for violations of the County's animal control code provisions may be challenged before a Code Enforcement Hearing Officer. Appeals of the hearing officer's decision are to the county court, by trial de novo. The Dade County Code section 8CC-8 provides:
(a) The named violator or the County may appeal a final order of the hearing officer for all violations except those contained in Chapter 5 of the County Code [the animal control provisions] by filing a notice of appeal in the Circuit Court....
(b) For violations of Chapter 5 of the County Code [the animal control provisions], the violator or the County may seek to overturn the order of the hearing officer by making application to the Dade County Court for a trial de novo on the merits.
The County contends, and we agree, that its separate scheme for animal control citation appeals is constitutional and follows the constitution's mandate that the circuit and county courts' jurisdictions "shall be uniform throughout the state." Art. V, §§ 5(b), 6(b), Fla. Const. The County's separate scheme is supported by chapter 162, Florida Statutes (1995). Chapter 162 allows counties to enforce their ordinances through code enforcement boards with appeal to the circuit court (chapter 162, part I) and/or through code enforcement officers with appeal to the county court by trial de novo (chapter 162, part II) or, indeed, "by any other means." See sections 162.13, 162.21(8), Fla. Stat. (1995).
Dade County decided to employ a "Part I" enforcement schemethat is, code enforcement boards with review in the appellate division of the circuit courtfor most of its ordinances and a "Part II" enforcement schemethat is, code enforcement officers with de novo review in the county courtfor its animal control ordinances. We find nothing unconstitutional or even peculiar about this arrangement. First, section 162.03(2), Florida Statutes (1995), states that a county may "adopt an alternative code enforcement system which gives code enforcement boards or special masters [hearing officers], or both, the authority to hold hearings and assess fines against violators of ... county ... codes and ordinances." (Emphasis added.)
Next, section 162.13 establishes the supplemental nature of the "Part I" procedures they "shall [not] prohibit a local governing body from enforcing its codes by other means", for instance by "Part II" means. Further, sections 162.21 and 162.22 of "Part II" permit counties to use code enforcement officers and administrative hearing officers to pursue more minor code violations providing that, inter alia, provisions exist "for the contesting of a citation in county court." Section 162.21(5)(e), Fla. Stat. (1995). Dade County Code section 8CC-8(b) provides this for the County's animal control ordinances. Finally, in our view it makes eminent sense to relegate the relatively minor (as compared with other code violations) animal control violations to the county court rather than the circuit court.
Additionally, we agree with the County that this Court's decision in Verdi v. Metropolitan Dade County, 684 So.2d 870 (Fla. 3d DCA 1996), allows the County to use any combination of Chapter 162 methods for its code enforcement procedures. Although Verdi primarily involved a determination of whether res judicata barred Verdi's challenge of his citation, the Verdi holding is instructive here. Verdi argued that the County's use of hearing officers for past code violation challenges impermissibly combined the separate provisions of Parts I and II of Chapter 162, Florida Statutes, into a single, unconstitutional system. The Court evaluated this issue, concluding that such combining of Parts I and II was permitted:
[S]ection 162.12(2) of Part I clearly and explicitly confers authority upon the County *1011 to adopt, by ordinance, a completely alternative code enforcement system to permit either a code enforcement board or an administrative hearing officer to conduct hearings and assess fines for code violations.... The trial court correctly determined that in this section, the legislature did not limit the County's alternative system to the exact procedures set forth in Parts I and II of Chapter 162. Nor did the legislature preclude the County from combining any features of these parts.
Verdi, 684 So.2d at 873.
An earlier Third District case likewise concluded that it was permissible for a municipality to treat different code violations differently, in that case, handling fire code violations with a different procedure than other city code violations. See Deehl v. Weiss, 505 So.2d 529 (Fla. 3d DCA 1987). The Deehl Court reasoned that Chapter 162's intent was not to force counties and cities to choose Part I exclusively or Part II exclusively for all code and ordinance violations, but its intent was merely to preclude the counties and cites from being able to "arbitrarily choose" to prosecute some violations in court and others before their enforcement boards. See id. at 530-31.
The County's procedure with regard to challenges of animal control citations is constitutional and should have been followed. That procedure calls for appeals of the hearing officer's decision by trial de novo in the Dade County Court. See § 8CC-8(b), Dade County Code. Thus, the appellate division of the circuit court was without jurisdiction to hear Hernandez's appeal. We sympathize with and appreciate both Mr. Hernandez's and the County's frustration with the amount of time, energy and heartache this case has caused. However, we believe that the proper course will at last be followed, which will clear this matter up for both parties. We hereby quash the appellate division's opinion in this matter with directions to remand the case to the Dade County Court for a trial on the merits.
NOTES
[1] Mr. Hernandez was incorrect on this issue because he, not the County, was in a better position to provide information regarding his dog. Where one party has peculiar knowledge or control of the evidence on a material matter, then the burden rests on that party to produce the evidence. See Jennings v. Dade County, 589 So.2d 1337 (Fla. 3d DCA 1991), citing Allstate Finance Corp. v. Zimmerman, 330 F.2d 740, 744 (5th Cir.1964).
[2] We point out that the appellate division should not have even considered this "new evidence" as the panel was acting as a reviewing court. Such evidentiary matters must be settled solely in the lower tribunal.