WARNER, Judge.
Petitioner was charged by information in the county court with violations of the municipal housing code of the City of Fort Lauder-dale (“City”). He filed a petition for writ of prohibition in the circuit court alleging, inter alia, that the county court lacked jurisdiction to hear the charges because violations of the municipal housing code were within the exclusive jurisdiction of the local government code enforcement board. The circuit court, in its appellate capacity, found that the county court had jurisdiction under sections 162.09 and 162.13, Florida Statutes (1996). Petitioner brought an appeal from this ruling, which we have treated as a petition for writ of certiorari.
The standard of review for a petition for writ of certiorari filed from a decision of the circuit court rendered in its review capacity is whether the court denied the petitioner procedural due process and whether the court departed from the essential requirements of law in such a way as to cause a miscarriage of justice. See Haines City Community Dev. v. Heggs, 658 So.2d 523, 530-31 (Fla.1995); see also State v. Frazee, 617 So.2d 350, 352-55 (Fla. 4th DCA 1993)(Farmer, J., dissenting) (commenting that district court should not accord second appeal to routine speedy trial determination, but should limit discretionary use of writ to instances of serious departure from essential requirements of law).
Petitioner contends that both City of Tampa for Use and Benefit of City of Tampa Code Enforcement Board v. Braxton, 616 So.2d 554 (Fla. 2d DCA 1993), and Deehl v. Weiss, 505 So.2d 529 (Fla. 3d DCA 1987), stand for the proposition that where a municipality elects to form a code enforcement board and delegate to it the enforcement of certain code provisions, it cannot prosecute those same code violations in any other manner. We disagree with petitioner’s interpretation of both cases. In Deehl, the City of Miami had created a code enforcement board but had not given the board the authority to hear fire code violations. When the Weisses were prosecuted for a fire code violation in county court, they claimed that the city could not arbitrarily choose which codes to enforce through the board and which to prosecute in county court as code violations. The third district determined that under section 162.13, Florida Statutes (1983), a municipality could determine which code violations would be heard by the code enforcement board. See id. at 531. The mere establishment of the board did not require the municipality to make it the enforcement arm of all of its codes. Deehl is inapposite to the present case, where the City’s ordinances specifically permitted enforcement of housing code violations through the code enforcement board. The issue in the instant case is whether the City could elect to prosecute a code violation in county court rather than through the code enforcement board.
In City of Tampa, the code enforcement board was attempting to secure a personal money judgment against code violators. See 616 So.2d at 555. The court held that securing a money judgment was not an available remedy:
The gist of the City’s appeal is that it is entitled to a different remedy than is provided by statute. We conclude that once the City opted for a code enforcement board under chapter 162, it was prohibited by article 1, section 18 of the state constitution to enforce its ordinance by any oth *589 er manner except that described in chapter 162.
Id. at 556. Since no statutory provision permitted enforcement by way of a money judgment, such relief was unavailable.
Chapter 162, Florida Statutes (1997), provides for the creation of a code enforcement board, but section 162.18 specifically provides that:
It is the legislative intent of ss. 162.01-162.12 to provide an additional or supplemental means of obtaining compliance with local codes. Nothing contained in ss. 162.01-162.12 shall prohibit a local governing body from enforcing its codes by any other means.
(emphasis added). In addition, in 1994, after the decisions in City of Tampa and Deehl, the Legislature added section 162.22, which specifically provides, in pertinent part:
The governing body of a municipality may designate the enforcement methods and penalties to be imposed for the violation of ordinances adopted by the municipality. These enforcement methods may include, but are not limited to, the issuance of a citation, a summons, or a notice to appear in county court or arrest for violation of municipal ordinances as provided for in chapter 901.
We think the provisions of the statute are clear and unambiguous and frilly address the petitioner’s arguments.[1] The City may elect either method of prosecution. The creation of the code enforcement board and the assignment to it of the enforcement of housing code violations does not prohibit the City from bringing a charge in county court for a municipal code violation. The Legislature has provided that the code enforcement board procedure is supplemental to other means of securing code compliance. The City was therefore authorized to bring the county court action, and the trial court did not depart from the essential requirements of law.
We find that none of petitioner’s remaining arguments reveal a denial of procedural due process .or a departure from the essential requirements of law. We therefore deny the petition.
GLICKSTEIN and SHAHOOD, JJ., concur.

. Petitioner cites to several attorney general opinions in support of his position. Opinions of the attorney general, while entitled to careful consideration, are not binding upon the courts. See State v. Family Bank of Hallandale, 623 So.2d 474, 478 (Fla.1993). Moreover, those opinions preceded the statutory enactments which allowed greater flexibility in code enforcement.