Mr. Wesley R. Poole Fernandina Beach City Attorney Post Office Box 1280 Fernandina Beach, Florida 32035
Dear Mr. Poole:
You have asked for my opinion on substantially the following question:
Is the City Commission of the City of Fernandina Beach authorized to adopt and enforce an ordinance pursuant to section 162.21, Florida Statutes, prohibiting the removal of trees without a permit with a penalty of $12,500 or more for violation of that ordinance?
In sum:
The City of Fernandina Beach is authorized to utilize enforcement mechanisms other than section 162.21, Florida Statutes, to enforce a "tree ordinance" with a penalty greater than that set forth in section 162.21, Florida Statutes. For example, Part I, Chapter 162, Florida Statutes, currently authorizes municipalities to assess fines of up to $15,000 for municipal code violations if the violation is found to be irreversible or irreparable in nature.
A number of Florida municipalities, including Tallahassee and Gainesville, currently enforce ordinances regulating the removal of trees.[1] You have advised this office that the City of Fernandina Beach is considering the adoption of a "tree ordinance" that would impose fines of $12,500 or more for the removal of trees without a permit. You have provided no information regarding this ordinance other than indicating that the amount of any fine would vary, depending upon the size of the tree removed. The city has adopted the procedures set forth in section 162.21, Florida Statutes, for the enforcement of its code and ordinances. However, the city is in doubt as to its authority to adopt and enforce an ordinance that imposes fines exceeding the limits specified therein.
Chapter 162, Florida Statutes, establishes administrative enforcement procedures and a means of imposing administrative fines by local governing bodies for violations of local codes and ordinances for which no criminal penalty has been specified. Such a mechanism is necessitated by the provisions of Article V, section 1, and Article I, section 18, Florida Constitution, which state that commissions established by law or administrative officers or bodies may be granted quasi-judicial power in matters connected with the functions of their offices, and that no administrative agency shall impose a sentence of imprisonment, nor shall it impose any other penalty except as provided by law.[2]
In a number of previous opinions, this office has stated that a local government or its governing body derives no delegated authority from Chapter 162, Florida Statutes. Further, municipalities derive no home rule power from Article VIII, section 2(b), Florida Constitution, or section 166.021, Florida Statutes, to regulate the code enforcement boards or to impose any duties or requirements on such boards or to otherwise regulate the statutorily prescribed enforcement procedure.[3] Thus, once a municipality has adopted the procedures of Chapter 162, Florida Statutes, to enforce its municipal codes and ordinances, it may not alter or amend those statutorily prescribed procedures but must utilize them as they are set forth in the statutes.
However, as this office and the courts have recognized, a municipality retains the authority, utilizing its home rule powers, to adopt ordinances and enforce its codes by means other than Parts I and II of Chapter 162, Florida Statutes. In Attorney General's Opinion 2000-34, this office concluded that a municipality was authorized to enter into an interlocal agreement with the county to have municipal code infractions handled by the county's code enforcement board. In a recent decision of the Fourth District Court of Appeal, Goodman v. County Court inBroward County, Florida,[4] the court concluded that a city could utilize the code enforcement board scheme of Chapter 162, Florida Statutes, and prosecute municipal code violations in county court. As the court recognized, "[t]he Legislature has provided that the code enforcement board procedure is supplemental to other means of securing code compliance."[5]
Thus, a municipality has several options for enforcement of municipal code violations: the code enforcement board mechanisms in Parts I and II, Chapter 162, Florida Statutes, interlocal agreement, direct enforcement through the county courts, and combinations of these methods.[6]
You have advised this office that the City of Fernandina Beach currently prosecutes violations of municipal ordinances exclusively through use of the procedures in Part II, Chapter 162, Florida Statutes. Part II, Chapter 162, Florida Statutes, authorizes municipalities to designate employees or agents as code enforcement officers whose duty is to enforce codes and ordinances enacted by the municipality.[7] Under these supplemental procedures, the city designates a code enforcement officer who is authorized to issue citations for civil infractions in violation of duly enacted code or ordinance provisions.[8] These charges are reviewed by the county court rather than by a municipally created code enforcement board.[9] As provided in this part:
"(5) A county or a municipality is authorized to enforce codes and ordinances under the provisions of this section and may enact an ordinance establishing procedures for the implementation of such provisions, including a schedule of violations and penalties to be assessed by code enforcement officers. If a county or municipality chooses to enforce codes or ordinances under the provisions of this section, each code or ordinance or the ordinance enacted by the county or municipality establishing procedures for implementation of this section shall provide:
(a) That a violation of a code or an ordinance is a civil infraction.
(b) A maximum civil penalty not to exceed $500.
(c) A civil penalty of less than the maximum civil penalty if the person who has committed the civil infraction does not contest the citation.
(d) For the issuance of a citation by a code enforcement officer who has reasonable cause to believe that a person has committed an act in violation of a code or an ordinance.
(e) For the contesting of a citation in county court.
(f) Such procedures and provisions as are necessary to provide for the enforcement of a code or an ordinance under the provisions of this section."[10]
Thus, as specifically provided in subsection (5)(a), the maximum civil penalty authorized to be imposed under section 162.21, Florida Statutes, is $500, and the City of Fernandina Beach may not assess any greater penalty for a violation of a municipal ordinance enforced under this section.
However, as discussed above, the city may choose to enforce violations of its "tree ordinance" using some method other than that contained in Part II, Chapter 162, Florida Statutes. For example, Part I, Chapter 162, Florida Statutes, provides for the creation of municipal code enforcement boards and, in section162.09(2), Florida Statutes, provides for administrative fines. The statute establishes a range in which reasonable fines may be assessed:
"(2)(a) A fine imposed pursuant to this section shall not exceed $250 per day for a first violation and shall not exceed $500 per day for a repeat violation, and, in addition, may include all costs of repairs pursuant to subsection (1). However, if a code enforcement board finds the violation to be irreparable or irreversible in nature, it may impose a fine not to exceed $5,000 per violation.
(b) In determining the amount of the fine, if any, the enforcement board shall consider the following factors:
1. The gravity of the violation;
2. Any actions taken by the violator to correct the violation; and
3. Any previous violations committed by the violator.
(c) An enforcement board may reduce a fine imposed pursuant to this section.
(d) A county or a municipality having a population equal to or greater than 50,000 may adopt, by a vote of at least a majority plus one of the entire governing body of the county or municipality, an ordinance that gives code enforcement boards or special masters, or both, authority to impose fines in excess of the limits set forth in paragraph (a). Such fines shall not exceed $1,000 per day per violation for a first violation, $5,000 per day per violation for a repeat violation, and up to $15,000 per violation if the code enforcement board or special master finds the violation to be irreparable or irreversible in nature. In addition to such fines, a code enforcement board or special master may impose additional fines to cover all costs incurred by the local government in enforcing its codes and all costs of repairs pursuant to subsection (1). Any ordinance imposing such fines shall include criteria to be considered by the code enforcement board or special master in determining the amount of fines, including, but not limited to, those factors set forth in paragraph (b)."
While the City of Fernandina Beach is not required to utilize Part I, Chapter 162, Florida Statutes, to enforce its "tree ordinance," these provisions may provide some guidance in crafting an enforcement mechanism for the city.
In sum, it is my opinion that the City of Fernandina Beach is authorized to utilize enforcement mechanisms other than section162.21, Florida Statutes, to enforce a "tree ordinance" with a penalty greater than that set forth in section 162.21, Florida Statutes. Further, because Chapter 162, Florida Statutes, currently authorizes municipalities to assess fines of up to $15,000 for municipal code violations, I cannot say that a court would determine that a fine of $12,500 would be clearly unreasonable.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgh
[1] See, e.g., Tallahassee Code of Ordinances, Part II, Chap. 15, Art. I, s. 15-6, "Defacing . . . trees"; Chap. 24, s. 24-4, "Protection of Trees from Construction Work"; Gainesville Code of Ordinances, Part II, Chap. 2, Art. V. Division 13, relating to the tree advisory board; Chap. 16, Art. III, "Perilous Land Code"; Chap. 23, Art. IV, "Construction of Sidewalks, Curbs and Gutters"; and Chap. 30, "Land Development Code."
[2] See, Ops. Att'y Gen. Fla. 85-84 (1985) (municipal code enforcement board must find that same violation has been repeated by same violator before a fine for each day the repeated violation occurred past the date set for compliance may be imposed by the board); 79-109 (1979) (governing body of charter county prohibited in absence of statutory authorization from providing by ordinance for imposition of civil penalties by agencies); Broward County v.Plantation Imports, Inc., 419 So.2d 1145 (Fla. 4th DCA 1982) (holding that the provisions of a county ordinance authorizing assessment of penalties by county agency was unconstitutional, and agreeing with conclusion in Op. Att'y Gen. Fla. 79-109). See also, Op. Att'y Gen. Fla. 84-51 (1984) (ordinance of noncharter county not a "law" within the purview of s. 5(c), Art. II, State Const.); 84-39 (1984) (municipal ordinance not a "law" within the meaning of s. 8, Art. I, State Const.)
[3] See, Ops. Att'y Gen. Fla. 97-26 (1997), 86-10 (1986), 85-84 (1985), 85-27 (1985), 85-17 (1985), and 84-55 (1984).
[4] 711 So.2d 587 (Fla. 4th DCA 1998), rev. den.,727 So.2d 905 (Fla. 1998).
[5] Id. at 589. And see, Deehl v. Weiss, 505 So.2d 529 (Fla. 3d DCA 1987) (municipality could determine which code violations would be heard by code enforcement board and mere establishment of board did not require municipality to make it the enforcement arm of all of its codes.) Cf., Metropolitan Dade County v. Hernandez,708 So.2d 1008 (Fla. 3d DCA 1998) (county enforcement scheme utilizing both Parts I and II of Ch. 162, Fla. Stat., approved);Verdi v. Metropolitan Dade County, 684 So.2d 870 (Fla. 3d DCA 1996) (county may use any combination of Chapter 162 methods for code enforcement procedures).
[6] See, Ops. Att'y Gen. Fla. 2000-34 (2000) (municipality may enter into an interlocal agreement with the county to have code enforcement matters reviewed by the county's code enforcement board as an alternate means of enforcing its codes.); 95-25 (1995) (a county choosing to enforce its codes or ordinances pursuant to section 162.21, Florida Statutes, is required to make a violation of its codes or ordinances a civil infraction with a civil penalty; this does not, however, preclude a county from enforcing its codes or ordinances individually such that violation of some may be a civil infraction, while violation of others may be a misdemeanor); 81-76 (1981) (municipality possesses the authority to impose penalties for violations of municipal ordinances under its home rule powers); 89-24 (1989) (municipality, under its broad home rule powers, may prescribe penalties for violation of its ordinances).
[7] Section 162.21(1), Fla. Stat.
[8] Sections 162.21(2) and 162.21(3)(a), Fla. Stat.
[9] Section 162.21(3)(a), Fla. Stat.
[10] Section 162.21(5), Fla. Stat.