Mr. Douglas M. Wyckoff Sanibel City Attorney 800 Dunlop Road Sanibel, Florida 33957-4096
Dear Mr. Wyckoff:
You ask substantially the following questions:
1. Do the Legislature's code enforcement procedures set forth in Chapter 162, Florida Statutes, preempt or otherwise operate to prevent the City of Sanibel from adopting its own code enforcement procedures?
2. If the answer to Question One is in the negative, may the City of Sanibel adopt by ordinance its own procedures that alter the provisions of Chapter 162, Florida Statutes, and authorize a code enforcement board or special master to impose fines upon a finding by the code enforcement board or special master that a violation was proven and remained unabated subsequent to the time given in the code enforcement officer's initial Notice of Violation?
In sum:
1. The Legislature's code enforcement procedures set forth in Chapter 162, Florida Statutes, are an additional or supplemental means of securing compliance with local codes and do not preempt or otherwise operate to prevent a city from enforcing its codes by other means.
2. While the city may enforce its codes by a means other than that set forth in Chapter 162, Florida Statutes, if the city seeks to utilize the provisions of that chapter to authorize an administrative agency such as a code enforcement board or special master to impose fines, it may not change the procedures prescribed therein.
Question One
Chapter 162, Florida Statutes, establishes administrative enforcement procedures and a means of imposing administrative fines by local governing bodies for violations of local codes and ordinances for which no criminal penalty has been specified. Such a mechanism is necessary in light of the provisions of Article V, section 1, and Article I, section 18, Florida Constitution, which provide that while commissions established by law or administrative officers or bodies may be granted quasi-judicial power in matters connected with the functions of their offices, no administrative agency shall impose a sentence of imprisonment, nor shall it impose any other penalty except as provided by law.[1]
Chapter 162, Florida Statutes, however, recognizes that a municipality may adopt alternate methods of enforcing its codes. For example, while section 162.03, Florida Statutes, authorizes municipalities to create or abolish by ordinance local government code enforcement boards as provided in Part I, Chapter 162, Florida Statutes, it also permits municipalities to adopt an alternate code enforcement system that gives code enforcement boards or special masters designated by the local governing body, or both, the authority to hold hearings and assess fines against violators of the municipal codes and ordinances. As stated in section 162.13, Florida Statutes,
"It is the legislative intent of ss. 162.01-162.12 to provide an additional or supplemental means of obtaining compliance with local codes. Nothing contained in ss. 162.01-162.12 shall prohibit a local governing body from enforcing its codes by any other means."
In Part II, Chapter 162, Florida Statutes, municipalities are allowed to designate employees or agents as code enforcement officers whose duty it is to enforce codes and ordinances enacted by the municipality.[2] Section 162.21, Florida Statutes, in authorizing the appointment of code enforcement officers, states:
"The provisions of this section are additional and supplemental means of enforcing county or municipal codes or ordinances and may be used for the enforcement of any code or ordinance, or for the enforcement of all codes and ordinances. Nothing contained in this section shall prohibit a county or municipality from enforcing its codes or ordinances by any other means."[3]
In addition, section 162.22, Florida Statutes, states in pertinent part:
"The governing body of a municipality may designate the enforcement methods and penalties to be imposed for the violation of ordinances adopted by the municipality. These enforcement methods may include, but are not limited to, the issuance of a citation, a summons, or a notice to appear in county court or arrest for violation of municipal ordinances as provided for in chapter 901."
Thus, Chapter 162, Florida Statutes, recognizes the authority of a municipality to use alternate methods for the enforcement of its ordinances and codes.
The Fourth District Court of Appeal has also recognized such authority in Goodman v. County Court in Broward County,Florida.[4] The court held that the creation of a code enforcement board and assignment to it of the enforcement of housing code violations did not preclude enforcement of municipal code violations in another manner, such as bringing a charge in county court. As the court recognized, "[t]he Legislature has provided that the code enforcement board procedure is supplemental to other means of securing code compliance."[5]
In Attorney General Opinion 2000-34, this office concluded that a small municipality with a part-time governing body and clerk could enter into an interlocal agreement with the county, pursuant to section 163.01, Florida Statutes, to have the county code enforcement board enforce the municipality's codes as an alternate means of code enforcement.
Accordingly, I am of the opinion that the code enforcement procedures set forth in Chapter 162, Florida Statutes, are an additional or supplemental means of securing compliance with local codes and do not preempt or otherwise operate to prevent a municipality from enforcing its codes by other means.
Question Two
As noted in the previous question, Article I, section 18, Florida Constitution, states that "no administrative agency . . . shall impose a sentence of imprisonment, nor shall it impose any other penalty except as provided by law." (e.s.) Thus, under the Constitution, an administrative agency may impose only those penalties authorized by state law.[6]
This office has stated that a municipality or county choosing to create a code enforcement board under Chapter 162, Florida Statutes, is bound by the requirements or restrictions contained therein and may not alter or amend those statutorily prescribed procedures but must utilize them as they are set forth in the statutes.[7]
As recognized in Question One, a municipality may seek to enforce its codes by other means. For example, a municipality has several options for enforcement of municipal code violations: the code enforcement board or special master mechanisms of Chapter 162, Florida Statutes; interlocal agreement pursuant to section 163.01, Florida Statutes; direct enforcement through the county courts, or combinations of these methods. However, if a municipality chooses to utilize the provisions of the Local Government Code Enforcement Board Act to enforce its codes, it may not alter the procedures and limitations established by that act.
You note that under the statutory scheme of Chapter 162, Florida Statutes, if a code enforcement officer finds a code violation, the code officer shall notify the violator and give him or her a reasonable amount of time to correct the violation.[8] If the violation is not corrected within the time set by the code officer, the officer shall notify the code enforcement board and request a hearing.[9] Section 162.07, Florida Statutes, prescribes the procedures for the conduct of the hearing and provides that at the conclusion of the hearing, the code enforcement board shall issue an order. The order may include a notice that it must be complied with by a specified date and that a fine may be imposed. Under the conditions specified in section 162.09(1), Florida Statutes, the cost of repairs may be included along with the fine if the order is not complied with by said date.[10]
Section 162.09(1), Florida Statutes, authorizes the imposition of administrative fines for code violations, stating in part:
"An enforcement board, upon notification by the code inspector that an order of the enforcement board has not been complied with by the set time or upon finding that a repeat violation has been committed, may order the violator to pay a fine in an amount specified in this section for each day the violation continues past the date set by the enforcement board for compliance or, in the case of a repeat violation, for each day the repeat violation continues, beginning with the date the repeat violation is found to have occurred by the code inspector. . . . If a finding of a violation or a repeat violation has been made as provided in this part, a hearing shall not be necessary for issuance of the order imposing the fine. If, after due notice and hearing, a code enforcement board finds a violation to be irreparable or irreversible in nature, it may order the violator to pay a fine as specified in paragraph (2)(a)."[11]
Thus, if the code enforcement board is notified by the code officer that its order has not been complied with or that the same violation has been repeated by the same violator, the board may order the violator to pay a fine up to the limits prescribed by statute.
In Attorney General Opinion 97-26, this office stated that the statute contemplates that two separate orders be entered by the board. The first order is based on the board's findings of fact and may include a notice that if the order is not complied with by a specified date, a fine may be imposed. The second order is issued after the code officer informs the board that the order has not been complied with or the violation has been repeated, and imposes the fine. If the procedures of the statute have been followed, however, the board is not required to hold a hearing before issuing the second order, which may impose a fine for each day the violation continues past the date set by the board for compliance or, in the case of a repeat violation, for each day the repeat violation is found to have occurred.[12]
You ask whether a code enforcement board (or special master) may alter the procedures set forth in sections 162.07 and 162.09, Florida Statutes, and impose a fine at the first hearing upon finding that a violation occurred and was abated within the time specified by the code enforcement officer's notice of violation.
Recently, this office in Attorney General Opinion 2001-09 stated that a city was not authorized to auction its code enforcement board liens arising under Part I, Chapter 162, Florida Statutes, to private parties for enforcement or foreclosure since the statute prescribed that such liens run in favor of the local governing body. As stated therein, the statutory scheme does not contemplate the enforcement of liens, or the issuance of satisfaction or release of code enforcement board liens, by private third parties outside the control of the local governing body: "It is the rule that a legislative direction as to how a thing shall be done is, in effect, a prohibition against its being done in any other way."[13] This office has stated that municipalities derive no power under Article VIII, section 2(b), Florida Constitution, or section 166.021, Florida Statutes, to regulate the code enforcement boards or to alter or regulate the statutorily prescribed enforcement procedures.[14]
While a municipality has the authority to prescribe penalties for violations of its ordinances, a state law must authorize an administrative agency to impose such penalties.[15] Chapter 162, Florida Statutes, prescribes a mechanism for a municipality to enforce its local codes by authorizing an administrative agency (a code enforcement board or special master) to impose fines. As discussed in Question One, a municipality is authorized to utilize a different method of enforcing its codes. However, if it utilizes the provisions of Chapter 162, Florida Statutes, as the means of enforcing its codes, it does not have the authority to alter the statutorily prescribed enforcement procedures set forth therein.
Therefore, since sections 162.07 and 162.09, Florida Statutes, contemplate that a code enforcement board or special master may impose a fine only after finding that the board's or special master's order has not been complied with, the city may not alter such procedure by authorizing the board or special master to impose a fine when the code enforcement officer's initial notice of violation, and not the board's or special master's order, has not been complied with by a certain date.
Accordingly, I am of the opinion that while the city may enforce its codes by a means other than that set forth in Chapter 162, Florida Statutes, if the city seeks to utilize the provisions of that chapter to authorize an administrative agency such as a code enforcement board or special master to impose fines, it may not change the procedures prescribed therein.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] See generally, Op. Att'y Gen. Fla. 79-109 (1979) (governing body of charter county prohibited in absence of statutory authorization from providing by ordinance for imposition of civil penalties); Broward County v. Plantation Imports, Inc.,419 So.2d 1145, 1148 (Fla. 4th DCA 1982) (holding that provisions of county ordinance authorizing assessment of penalties by county agency was unconstitutional and agreeing with conclusion in Op. Att'y Gen. Fla. 79-109).
[2] Section 162.21(1), Fla. Stat.
[3] Section 162.21(8), Fla. Stat.
[4] 711 So.2d 587 (Fla. 4th DCA 1998), rev. den.,727 So.2d 905 (Fla. 1998). And see, Deehl v. Weiss, 505 So.2d 529 (Fla. 3d DCA 1987) (municipality could determine which code violations would be heard by code enforcement board and mere establishment of board did not require municipality to make it the enforcement arm of all of its codes.) Cf., Metropolitan Dade County v. Hernandez,708 So.2d 1008 (Fla. 3d DCA 1998) (county enforcement scheme utilizing both Parts I and II of Ch. 162, Fla. Stat., approved);Verdi v. Metropolitan Dade County, 684 So.2d 870 (Fla. 3d DCA 1996) (county may use any combination of Chapter 162 methods for code enforcement procedures).
[5] Id. at 589.
[6] See, n. 1, supra. Cf., Ops. Att'y Gen. Fla. 84-51 (1984) (ordinance of noncharter county not a "law" within purview of Art.II, s. 5(c), Fla. Const.); 84-39 (1984) (municipal ordinance is not a "law" within meaning of Art. I, s. 18, Fla. Const.).
[7] See, e.g., Ops. Att'y Gen. Fla. 97-26 (1997) and 86-10 (1986). And see, City of Tampa for Use and Benefit of City ofTampa Code Enforcement Board v. Braxton, 616 So.2d 554, 556 (Fla. 2d DCA 1993), holding that since no statute permitted enforcement by way of a money judgment, a money judgment was not an available remedy for the code enforcement board. The court stated:
"The gist of the City's appeal is that it is entitled to a different remedy than is provided by statute. We conclude that once the City opted for a code enforcement board under chapter 162, it was prohibited by article 1, section 18 of the state constitution to enforce its ordinance by any other manner except that described in chapter 162."
[8] Section 162.06(1), Fla. Stat.
[9] Section 162.06(2), Fla. Stat. Subsection (3) and (4) of s.162.06, Fla. Stat., respectively provide procedures for repeat violations, and for violations presenting a serious threat to the public health, safety, and welfare or where the violation is irreparable or irreversible.
[10] Section 162.07(4), Fla. Stat.
[11] Section 162.09(2)(a), Fla. Stat., states that a fine imposed under the section shall not exceed $250 per day for a first violation and shall not exceed $500 per day for a repeat violation, and, in addition, may include all costs of repairs pursuant to subsection (1). However, if the violation is found to be irreparable or irreversible in nature, a fine not to exceed $5,000 per violation may be imposed. Cf., s. 162.09(2)(d), Fla. Stat., authorizing greater fines for a county or a municipality having a population equal to or greater than 50,000.
[12] See, Op. Att'y Gen. Fla. 86-76 (1986), which concluded that a code enforcement board may not set a fine at the time the initial compliance order is entered. While the language of s.162.09, Fla. Stat., has been amended since that opinion, similar language is currently contained in the present statute.
[13] See, Thayer v. State, 335 So.2d 815, 817 (Fla. 1976); Alsop v. Pierce, 19 So.2d 799, 805-806 (Fla. 1944).
[14] See, e.g., Op. Att'y Gen. Fla. 93-91 (1993).
[15] See, Art. I, s. 18, Fla. Const. And see, Op. Att'y Gen. Fla. 89-24 (1989) (municipality may prescribe penalties for violation of its ordinances).