Mr. John C. Dellagloria City Attorney City of North Miami Post Office Box 610850 North Miami, Florida 33261-0850
Dear Mr. Dellagloria:
On behalf of the City of North Miami you have asked for my opinion on substantially the following questions:
1. May a municipality that is required to pay the filing fee pursuant to section 28.2402, Florida Statutes, assess the filing fee against the alleged violator of the municipal ordinance in order to offset the filing cost?
2. If a municipality is not authorized to assess the filing fee directly against the alleged violator of the municipal ordinance, may the municipality submit its refund request to the circuit court judge concurrently with its filing of the municipal violation?
3. If a municipality files a code violation in county court and obtains an unenforceable lien (for example, against homestead property), is the municipality entitled to a return of its prosecution costs under section34.191(3), Florida Statutes?
4. Where a municipality has an existing local government code enforcement board and/or special master pursuant to Chapter 162, Florida Statutes, may the municipality eliminate all direct court filing code enforcement procedures and combine them to be adjudicated before the code enforcement board or special master and collect an administrative fee (similar to a prosecution fee)?
Several of your questions deal with statutes that were amended during the 2004 legislative session. The text of both section 28.2402 and section34.191, Florida Statutes, was amended by Chapter 2004-265, Laws of Florida, effective July 1, 2004. Your questions are discussed in light of these recent amendments.
Question One
Section 28.2402, Florida Statutes, was amended during the 2004 legislative session to provide as follows:
"(1)(a) In lieu of payment of a filing fee under s. 28.241, a filing fee of $10 shall be paid by a county or municipality when filing a county or municipal ordinance violation or violation of a special law in circuit court. This fee shall be paid to the clerk of the court for performing court-related functions. (b) No other filing fee may be assessed for filing the violation in circuit court. If a person contests the violation in court, the court shall assess $40 in costs against the nonprevailing party. The county or municipality shall be considered the prevailing party when there is a finding of violation to any count or lesser included offense of the charge. Costs recovered pursuant to this paragraph shall be deposited into the clerk's fine and forfeiture fund established pursuant to s. 142.01. (2) To offset costs incurred by the clerks of the court in performing court-related functions associated with the processing of violations of special laws and municipal ordinances, 10 percent of the total amount of fines paid to each municipality for special law or ordinance violations filed in circuit court shall be retained by the clerk of the court for deposit into the clerk's fine and forfeiture fund established pursuant to s. 142.01, except for fines a portion of which the clerk of the court retains pursuant to any other provision of state law."[1]
This amendment substantially changed the provisions of section 28.2402, Florida Statutes 2003, and became effective July 1, 2004.[2] The statute allows for recovery of the costs associated with the use of the circuit court for ordinance or special law violations.[3]
Section 28.2402, Florida Statutes, specifically provides that the $10.00 filing fee shall be paid by the appropriate local governmental agency, that is, the county or municipality. In contrast, section 28.241, Florida Statutes, which sets forth filing charges for trial and appellate proceedings, clearly requires "the party instituting any civil action, suit, or proceeding in the circuit court" to pay the service charge to the clerk. (e.s.) Nothing in the statute provides authorization for a municipality to seek reimbursement of this cost from the alleged violator in order to offset the filing cost. In fact, subsection (1)(b) prohibits the assessment of any other filing fee for these violations prosecuted in circuit court. It is the rule that a legislative direction as to how a thing shall be done is, in effect, a prohibition against its being done in any other way.[4] In the absence of any legislative authorization for a municipality to seek reimbursement for the $10.00 filing fee imposed pursuant to section 28.2402, it is my opinion that the city is precluded from taking such action.
Questions Two and Three
Section 34.191, Florida Statutes, like the statute discussed above, was substantially amended by Chapter 2004-265, Laws of Florida. The statute now provides:
"All fines and forfeitures arising from offenses tried in the county court shall be collected and accounted for by the clerk of the court and, other than the charge provided in s. 318.1215, disbursed in accordance with ss. 28.2402, 34.045, 142.01, and 142.13 and subject to the provisions of s. 28.246(5) and (6). Notwithstanding the provisions of this section, all fines and forfeitures arising from operation of the provisions of s. 318.1215 shall be disbursed in accordance with that section. All fines and forfeitures received from violations of municipal ordinances committed within a municipality within the territorial jurisdiction of the county court, other than the charge provided in s.318.1215, shall be paid monthly to the municipality except as provided in s. 28.2402(2), s. 34.045(2), s. 318.21, or s. 943.25. All other fines and forfeitures collected by the clerk, other than the charge provided in s.318.1215, shall be considered income of the office of the clerk for use in performing court-related duties of the office."
The statute requires that fines and forfeitures collected by the clerk for violations of municipal ordinances tried in the county court must be disbursed as provided in section 28.2402, Florida Statutes. Although the statute, prior to its amendment, authorized a municipality to apply to the chief judge of the circuit for an order directing the distribution of reasonable court costs to the municipality, the current language of section 34.191, Florida Statutes, does not contain such a provision. Thus, it is my opinion that a municipality may not request a refund of court costs from a circuit court judge concurrently with the filing of a municipal violation. Rather, the Legislature has determined that fines and forfeitures arising from offenses tried in the county court must be disbursed in accordance with section 28.2402, and paid monthly to the municipality.
You have also asked whether a municipality may recoup certain prosecution costs under section 34.191, Florida Statutes. As discussed above, section34.191, which previously authorized a municipality to request the distribution of certain costs, including the costs of prosecution, was amended by section 34, Chapter 2004-265, Laws of Florida, and does not currently contain such a provision. Therefore, it is my opinion that a municipality is not currently authorized to receive a return of its prosecution costs under section 34.191, Florida Statutes.
Question Four
You have asked whether a municipality may impose and collect an administrative fee, similar to a prosecution fee, for adjudicating violations of local ordinances before the local government code enforcement board and/or special master pursuant to Part I, Chapter 162, Florida Statutes. You also ask whether the city may utilize the provisions of Chapter 162 exclusively for enforcement of its code and ordinances.
Chapter 162, Florida Statutes, establishes administrative enforcement procedures and a means of imposing administrative fines by local governing bodies for violations of local codes and ordinances for which no criminal penalty has been specified. Such a mechanism is necessitated by the provisions of Article V, section 1, and Article I, section 18, Florida Constitution, which state that commissions established by law or administrative officers or bodies may be granted quasi-judicial power in matters connected with the functions of their offices, and that no administrative agency shall impose a sentence of imprisonment, nor shall it impose any other penalty except as provided by law.[5]
This office, in a number of previous opinions, has stated that a local government or its governing body derives no delegated authority from Chapter 162, Florida Statutes.[6] Further, municipalities derive no home rule power from Article VIII, section 2(b), Florida Constitution, or section 166.021, Florida Statutes, to regulate the code enforcement boards or to impose any duties or requirements on such boards or to otherwise regulate the statutorily prescribed enforcement procedure.[7] Thus, once a municipality has adopted the procedures of Chapter 162 to enforce its municipal codes and ordinances, it may not alter or amend those statutorily prescribed procedures but must utilize them as they are set forth in the statutes.[8]
However, as this office and the courts have recognized, a municipality retains the authority, utilizing its home rule powers, to adopt ordinances and enforce its codes by means other than Parts I and II of Chapter 162, Florida Statutes. In Attorney General's Opinion 2000-34, this office concluded that a municipality was authorized to enter into an interlocal agreement with the county to have municipal code infractions handled by the county's code enforcement board. The Fourth District Court of Appeal, in Goodman v. County Court in Broward County, Florida,[9]
concluded that a city could utilize the code enforcement board scheme of Chapter 162 and prosecute municipal code violations in county court. As the court recognized, "[t]he Legislature has provided that the code enforcement board procedure is supplemental to other means of securing code compliance."[10]
Thus, a municipality has numerous options for enforcement of municipal code violations: the code enforcement board/special master mechanisms in Parts I and II, Chapter 162, Florida Statutes; interlocal agreements; direct enforcement through the county courts, and combinations of these methods.[11] However, it is my opinion that the City of North Miami may utilize the provisions of Chapter 162, Florida Statutes, exclusively for the prosecution of violations of its code and ordinances if it determines that these provisions will most effectively accomplish municipal code enforcement.
Section 162.09(2), Florida Statutes, provides for the amount of administrative fines imposed by local government code enforcement boards. Pursuant to subsection (2)(d):
"A county or a municipality having a population equal to or greater than 50,000 may adopt, by a vote of at least a majority plus one of the entire governing body of the county or municipality, an ordinance that gives code enforcement boards or special masters, or both, authority to impose fines in excess of the limits set forth in paragraph (a). Such fines shall not exceed $1,000 per day per violation for a first violation, $5,000 per day per violation for a repeat violation, and up to $15,000 per violation if the code enforcement board or special master finds the violation to be irreparable or irreversible in nature. In addition tosuch fines, a code enforcement board or special master may imposeadditional fines to cover all costs incurred by the local government inenforcing its codes and all costs of repairs pursuant to subsection (1). Any ordinance imposing such fines shall include criteria to be considered by the code enforcement board or special master in determining the amount of the fines . . . ."
Thus, the statute recognizes that a municipality with a population of 50,000 or more may, as a component of its code enforcement process under Part I, Chapter 162, Florida Statutes, impose an additional amount to reimburse the local government for the costs of enforcement. While you characterize this amount as an administrative fee, the statute refers to a fine. However, both appear to accomplish the same purpose, that is, to reimburse the municipality for its expenses in prosecuting such violations.
In light of the language in section 162.09(2)(d), Florida Statutes, and recognizing that the population of the City of North Miami Beach is greater than 50,000,[12] it is my opinion that the City of North Miami may amend its current code enforcement ordinance to include an additional fine or fee to cover the costs incurred by the city in enforcing its codes through the provisions of Part I, Chapter 162, Florida Statutes.
Sincerely,
Charlie Crist Attorney General
CC/tgh
[1] Section 18, Ch. 2004-265, Laws of Florida.
[2] Prior to its amendment by section 18, Chap. 2004-265, Laws of Florida, section 28.2402, Florida Statutes, provided:
"The sum of $200 shall be assessed to a county or municipality when filing a county or municipal code or ordinance violation in court. The $200 fee shall be paid to the clerk of the circuit and county court for performing court-related functions."
[3] See title to s. 28.2402, Fla. Stat., "Cost recovery; use of the circuit court for ordinance or special law violations"
[4] See Alsop v. Pierce, 19 So.2d 799, 805-806 (Fla. 1944); Dobbs v.Sea Isle Hotel, 56 So.2d 341, 342 (Fla. 1952); Thayer v. State,335 So.2d 815, 817 (Fla. 1976).
[5] See Ops. Att'y Gen. Fla. 85-84 (1985) (municipal code enforcement board must find that same violation has been repeated by same violator before a fine for each day the repeated violation occurred past the date set for compliance may be imposed by the board); 79-109 (1979) (governing body of charter county prohibited in absence of statutory authorization from providing by ordinance for imposition of civil penalties by agencies); Broward County v. Plantation Imports, Inc., 419 So.2d 1145
(Fla. 4th DCA 1982) (holding that the provision of a county ordinance authorizing assessment of penalties by county agency was unconstitutional, and agreeing with conclusion in Op. Att'y Gen. Fla. 79-109). See also Op. Att'y Gen. Fla. 84-51 (1984) (ordinance of noncharter county not a "law" within the purview of s. 5(c), Art. II, State Const.); 84-39 (1984) (municipal ordinance not a "law" within the meaning of s. 8, Art. I, State Const.).
[6] See, e.g., Ops. Att'y Gen. Fla. 01-77 (2001) and 00-53 (2000).
[7] See Ops. Att'y Gen. Fla. 00-53 (2000); 97-26 (1997), 86-10 (1986), 85-84 (1985), 85-27 (1985), 85-17 (1985), and 84-55 (1984).
[8] See Op. Att'y Gen. Fla. 01-77 (2001) (Legislature's code enforcement procedures are additional or supplemental means of securing compliance with local codes and do not preempt or otherwise operate to prevent city from enforcing its codes by other means; however, if city seeks to utilize provisions of Chap. 162, Fla. Stat., to authorize an administrative agency such as code enforcement board or special master to impose fines, it may not change the procedures prescribed therein).
[9] 711 So.2d 587 (Fla. 4th DCA 1998), rev. den., 727 So.2d 905
(Fla. 1998).
[10] Id. at 589. And see Deehl v. Weiss, 505 So.2d 529 (Fla. 3d DCA 1987) (municipality could determine which code violations would be heard by code enforcement board and mere establishment of board did not require municipality to make it the enforcement arm of all of its codes). Cf.,Metropolitan Dade County v. Hernandez, 708 So.2d 1008 (Fla. 3d DCA 1998) (county enforcement scheme utilizing both Parts I and II of Ch. 162, Fla. Stat., approved); Verdi v. Metropolitan Dade County, 684 So.2d 870
(Fla. 3d DCA 1996) (county may use any combination of Chap. 162 methods for code enforcement procedures).
[11] See Ops. Att'y Gen. Fla. 00-53 (2000) (city authorized to utilize enforcement mechanisms other than s. 162.21, Fla. Stat., to enforce ordinance with penalty greater than set forth in statute); 00-34 (2000) (municipality may enter into interlocal agreement with county to have code enforcement matters reviewed by county's code enforcement board as alternate means of enforcing municipal codes); 95-25 (1995) (county choosing to enforce codes or ordinances pursuant to s. 162.21, Fla. Stat., is required to make violation of its codes or ordinances a civil infraction with civil penalty; this does not, however, preclude a county from enforcing codes or ordinances individually such that violation of some may be civil infraction while violation of others may be misdemeanor); 81-76 (1981) (municipality possesses the authority to impose penalties for violations of municipal ordinances under its home rule powers); 89-24 (1989) (municipality, under its broad home rule powers, may prescribe penalties for violation of its ordinances).
[12] See www.ci.north-miami.fl.us, "Business Profile of City of North Miami," indicating that the population of the city is approximately 60,000.